Alan R. Ackerman, Esquire (AA9730)
Law Offices of Alan R. Ackerman
1719 Route 10 East, Suite 106
Parsippany, NJ 07054
Telephone: (973) 898-1177
Facsimile: (973) 898-1230
araesq@alanackermanlaw.com
and
John P. Fuller, Esquire, *pro hac vice*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile: (305) 893-9505
jpf@fullerfuller.com
*Attorneys for Plaintiff*

Formatted: Top: 0.9", Bottom: 0.9"

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

THE INDEPENDENCE PROJECT, INC., a New Jersey Non-Profit Corporation, and RONALD MOORE, Individually,

Plaintiffs,

vs.

Case No. 2:17-cv-5051-CCC-SCM

GATOR WESTFIELD, LLC, a Florida Limited Liability Company, and JAMES GOLDSMITH, AS TRUSTEE OF THE STUART O. GOLDSMITH 2012 FAMILY TRUST – WESTFIELD,

Defendant(s).

Deleted:

Deleted: ; 341 WESTFIELD CORP., a New Jersey Corporation d/b/a Fujiyama Mama Chinese Restaurant, and BUONA PIZZA, a New Jersey Corporation,¶

## FIRST AMENDED COMPLAINT

Plaintiffs, The Independence Project, Inc.., a New Jersey Non-Profit Corporation, and Ronald Moore, Individually, on their behalf and on behalf of all other mobility-impaired individuals similarly-situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant(s), Gator Westfield, LLC, a Florida Limited Liability Company, and James Goldsmith, as Trustee of the Stuart O. Goldsmith 2012 Family Trust - Westfield (sometimes

Deleted: ; 341 Westfield Corp., a New Jersey Corporation d/b/a Fujiyama Mama Chinese Restaurant, and Buona Pizza, a New Jersey Corporation,

Deleted: EXHIBIT A¶

referred to as "Defendants"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the New Jersey Law Against Discrimination (N.J.S.A.).

**COUNT I**
**VIOLATION OF TITLE III OF THE**
**AMERICANS WITH DISABILITIES ACT, 42 USC § 12181, *et seq.***

**I. PARTIES**

1. Plaintiff, Ronald Moore, is an individual residing at 1002 Central Ave., New Providence, NJ 07974, in the County of Union.

2. Plaintiff, The Independence Project, Inc., is a Non-Profit corporation formed under the laws of the State of New Jersey. The Independence Project, Inc. maintains its principal office at 1002 Central Ave., New Providence, NJ 07974, in the County of Union.

3. Defendant, Gator Westfield, LLC and Defendant, James Goldsmith as Trustee of the Stuart O. Goldsmith 2012 Family Trust - Westfield, hold title to the subject property.

4. James Goldsmith is the Successor Trustee of the Stuart O. Goldsmith 2012 Family Trust – Westfield. Stuart O. Goldsmith is deceased

5. Defendants Gator Westfield and Defendant, James Goldsmith as Trustee of the Stuart O. Goldsmith 2012 Family Trust – Westfield's property, Westfield Plaza, is located at 223 – 341 South Avenue East, Westfield, NJ 07090.

**VENUE**

6. Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

7. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

**Deleted:** , LLC

**Deleted:** alleged by the Plaintiffs to be operating in violation of Title III of the ADA

**Deleted:**

**Formatted:** Indent: Left: 0", First line: 0.5"

**Deleted:** ¶

**Formatted:** Indent: Left: 0.5", No bullets or numbering

**Deleted:** Defendant, Buona Pizza, Inc. is a Tenant of the subject property and is a public accommodation, as it operates a pizza restaurant therein.¶
Defendant, Westfield Corp., a New Jersey Corporation d/b/a Fujiyama Mama Chinese Restaurant, is a Tenant of the subject shopping center and is a public accommodation, as it operates a restaurant therein.¶

**Formatted:** No bullets or numbering

original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. See, also, 28 U.S.C. § 2201 and § 2202.

8. The Court has supplemental jurisdiction over Plaintiffs' State claim, pursuant to 28 U.S.C. § 1367.

## II. STANDING

9. Ronald Moore is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA, being a quadriplegic. Ronald Moore has visited the property which forms the basis of this lawsuit on numerous occasions both prior to filing the initial Complaint in this case [D.E.1] and subsequent to the filing of the subject lawsuit, and plans to return to the property in the near future to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. The Plaintiff is also a member of the Plaintiff organization, The Independence Project, Inc., discussed below in paragraph 11.

Deleted: ,

10. Plaintiff, The Independence Project, Inc., is a Non-Profit New Jersey Corporation. Members of this organization include individuals with disabilities as defined by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.

11. The Independence Project, Inc. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant has compelled to comply with the requirements of the ADA. One or more of its members have suffered an injury that would allow it to bring suit in its own right. The

Independence Project, Inc. has also been discriminated against because of its association with its disabled members and their claims. The Independence Project, Inc. brings this action based on its associational standing on behalf of its members and not on behalf of the organization.

12. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is known as Westfield Plaza,located at 223 – 341 South Avenue East, Westfield, NJ 07090.

Deleted: , Buona Pizza and Fujiyama Mama

13. The Independence Project, Inc. and its member, Ronald Moore have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 16 of this First Amended Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendants. Ronald Moore desires to visit Westfield Plaza including, but not limited to the named Tenants herein, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA, so that he and others similarly-situated will have full and equal enjoyment of the property and the named Tenant spaces, without fear of discrimination.

Deleted: and the named Tenant spaces are

14. The Defendants have discriminated against the individual Plaintiff and one or more of its members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

15. The Defendants have discriminated, and continue to discriminate, against the Plaintiffs in violation of the ADA by failing to, inter alia, have accessible facilities by January

Formatted: Level 1, Indent: Left: 0", First line: 0.5", Line spacing: Double, Outline numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 1.13" + Indent at: 1.13", Tab stops: 1", Left

26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary and two (2) Rule 34 inspections of Westfield Plaza has shown that violations exist.

16. The initial ADA violations that Plaintiff, Ronald Moore personally encountered or observed at the subject property, are set forth in paragraph 13 of the Complaint filed on July 11, 2017. [D.E.1] A Rule 34 property inspection was performed by Plaintiffs on November 28, 2017, and an expert report was issued on December 26, 2017, setting forth the violations with measurements.

17. Thereafter on June 8, 2018, Defendant's attorney sent Plaintiffs' counsel an e-mail that attaches a supplemental expert report and claimed that all of the modifications set forth in Plaintiffs' expert report have been completed and are ADA compliant.

18. On June 26, 2018, Plaintiffs' expert re-inspected the subject property and found the remaining then current ADA violations:

A. Newly constructed accessible parking adjacent to Bagel Chateau contains slopes greater than 2%. Slopes in the accessible parking spaces range from 3% - 3.5%, violating Sections 402 and 502 of the 2010 ADA Accessibility Standards.

B. Newly installed curb ramp at Westfield Plaza adjacent to Fujiyama Mama fails to provide a level landing, violating Sections 402 and 406 of the 2010 ADA Accessibility Standards.

C. The exterior accessible route at Westfield Plaza now provides a route to the sidewalk. Parking spaces at Westfield Plaza, while occupied, impede the route to the street and abrupt changes of level are along the sidewalk, violating Sections 206.2.1 and 402 of the 2010 ADA Accessibility

**Deleted:** and the named Tenants

**Deleted:** .

**Deleted:** These violations that Ronald Moore personally encountered or observed include, but are not limited to:

<#>**Parking and Exterior Accessible Route – Allegations Applicable Only to Defendants, Gator Westfield, LLC and James Goldsmith as Trustee of the Stuart O. Goldsmith 2012 Family Trust - Westfield**

(1). Parking spaces throughout Westfield Plaza are not maintained; lack adequate access aisles, violating Sections 502 and 502.4 of the 2010 Accessibility Standards. These conditions during numerous visits prevented Mr. Moore from unloading from his van freely and safely. On certain occasions he would park away from the plaza to insure he could access his van.

(2). Curb ramps provided to access stores at Westfield Plaza are unsafe for wheelchair users and are not provided in some areas of the center. The curb ramps contain excessive slopes, abrupt changes of level and lack level landings, violating Sections 402 and 406 of the 2010 Accessibility Standards. Mr. Moore dealt with a lack of maneuvering space at the top of the curb ramp. These conditions are unsafe for Mr. Moore when he accesses the curb ramps.

(3). The exterior accessible route from parking spaces at Westfield Plaza fails to provide a safe accessible route to ramps or curb ramps, violating Section 402 of the 2010 Accessibility Standards. Mr. Moore was forced to travel in the traffic area of the center to get to the curb ramp.

(4). Westfield Plaza fails to provide a safe accessible route to the adjacent street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards. The lack of an accessible route prevents the option of public transportation for Mr. Moore.

<#>**Access to Goods and Services - Allegations Applicable Only to Defendants, Gator Westfield, LLC and James Goldsmith as Trustee of the Stuart O. Goldsmith 2012 Family Trust – Goldsmith and Defendant, Buona Pizza, Inc.**

(1). Tenant, Buona Pizza fails to provide accessible dining tables for those in wheelchairs, in violation of Section 902 of the 2010 ADA Accessibility Standards. Mr. Moore was unable to dine comfortably due to the lack of accessible tables.

(2). Tenant, Buona Pizza has a payment counter that is mounted beyond the reach of Mr. Moore, violating Section 308 and 904 of the 1010 ADA Accessibility Standards.

<#>**Access to Goods and Services - Allegations Applicable Only to Defendants, Gator Westfield, LLC and James Goldsmith as Trustee of the Stuart O. Goldsmith 2012 Family Trust – Goldsmith and Defendant, Westfield 341**

(1). Tenant, Westfield 341 fails to provide accessible dining tables for those in wheelchairs, in violation of Section 902 of the 2010 ADA ... [1]

Standards.

D. The exterior accessible route from the sidewalk to the shopping center leads to a curb that protrudes into traffic at a slope of 4% at Westfield Plaza, violating Sections 206.2.1 and 402 of the 2010 ADA Accessibility Standards.

E. Payment counters at Westfield Plaza including the Liquor Store lack an accessible checkout lane and the desk provided is impeded by goods, violating Section 904 of the 2010 ADA Accessibility Standards.

F. Newly installed machines at the Laundromat provide payment options beyond reach, violating Section 308 of the 2010 ADA Accessibility Standards.

G. Newly constructed areas at Westfield Plaza are impeded by slopes beyond 2% at the base of the door, violating Section 404 of the 2010 ADA Accessibility Standards. Slopes range from 2.5% - 4.4% in front of the following Tenants: The Pretzel Factory, The Convenience Store, Salon Bella, EZ Education Center, Harmon Discount Beauty and other Tenants.

H. Newly renovated restrooms provided at the Laundromat provide a water closet that has clear floor space impeded by the lavatory, the rear grab bar is not compliant and the toilet seat is at 16 inches, violating Sections 601, 604, 606 and 609 of the 2010 ADA Accessibility Standards.

I. Newly renovated restrooms provided at Salon Bella provide a water closet that lacks maneuvering space, are impeded by the lavatory and a paper towel dispenser is mounted beyond reach, violating Sections 308, 601, 604, 606 and 609 of the 2010 ADA Accessibility Standards.

J. Buona Pizza provides a centerline at the water closet of 16.5 inches, the standards require 17-19 inches, violating Section 604 of the 2010 Accessibility Standards.

19. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

20. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly-situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

**Deleted:** The discriminatory violations described in paragraph 16 are not an exclusive list of the Defendants' ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

**Deleted:** In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act

21. Defendants have discriminated against the individual and corporate Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. 36.302 *et seq.* Furthermore, the Defendants continue\ to discriminate against the Plaintiffs, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

22. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

23. Plaintiffs have retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

24. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 C.F.R. 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

25. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendants.

26. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendants to alter Westfield Plaza to make its facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants

cure their violations of the ADA. The order should further request the Defendants to maintain the required accessible features on an ongoing basis.

**WHEREFORE,** Plaintiffs respectfully request:

A. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

B. Injunctive relief against the Defendants, including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**COUNT II**
**VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION**

I. Plaintiffs reallege all prior obligations as if fully set forth herein. Plaintiffs repeat the allegations contained in all of the proceeding paragraphs.

II. Defendants' facilities are places of public accommodation as defined by N.J.S.A.

10:5-5, (New Jersey Law Against Discrimination).

III. New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination on the basis of disability. This opportunity is recognized and declared to be a civil right. (*See*, N.J.S.A. 10:5-4.)

IV. As a result of the aforementioned discrimination, Plaintiff Ronald Moore has sustained emotional distress, mental anguish and suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, Ronald Moore demands injunctive relief and judgment for damages, attorneys' fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

Deleted: ¶

## CERTIFICATE OF SERVICE

Deleted: C
Formatted
Deleted: April

I HEREBY CERTIFY that on this _____ day of August, 2018, a true and correct copy of the foregoing was filed via the Court's CM/ECF System which will send a Notice of Electronic filing to Attorneys for Defendant, Randi W. Kochman, Esq., rkochman@coleschotz.com, and Emily I. Park, Esq., epark@coleschotz.com, Cole, Schotz, P.C., 25 Main Street, Court Plaza North, Hackensack, NJ 07601 and Ricardo A. Reyes, Esq., rar@tobinreyes.com, and Carrie S. Robinson, csrobinson@tobinreyes.com, Tobin Reyes, P.A., 225 NE Mizner Boulevard, Suite #510, Boca Raton, FL 33432.

Respectfully Submitted,

Deleted: ¶
¶

______________________________
Alan R. Ackerman, Esquire (AA9730)
Law Offices of Alan R. Ackerman
1719 Route 10 East, Suite 106
Parsippany, NJ 07054
Telephone: (973) 898-1177 x 122
Facsimile: (973) 898-1230
araesq@alanackermanlaw.com
and
John P. Fuller, Esquire, *pro hac vice*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile: (305) 893-9505
jpf@fullerfuller.com
*Attorneys for Plaintiffs*

Formatted: Line spacing: single
Formatted: Font: Italic
Deleted: ¶ [... [2]]
Formatted Table

| Page 5: [1] Deleted | SheriBlock | 8/2/2018 10:44:00 AM |
|---|---|---|

These violations that Ronald Moore personally encountered or observed include, but are not limited to:

**Parking and Exterior Accessible Route – Allegations Applicable Only to Defendants, Gator Westfield, LLC and James Goldsmith as Trustee of the Stuart O. Goldsmith 2012 Family Trust - Westfield**

(1). Parking spaces throughout Westfield Plaza are not maintained; lack adequate access aisles, violating Sections 502 and 502.4 of the 2010 Accessibility Standards. These conditions during numerous visits prevented Mr. Moore from unloading from his van freely and safely. On certain occasions he would park away from the plaza to insure he could access his van.

(2). Curb ramps provided to access stores at Westfield Plaza are unsafe for wheelchair users and are not provided in some areas of the center. The curb ramps contain excessive slopes, abrupt changes of level and lack level landings, violating Sections 402 and 406 of the 2010 Accessibility Standards. Mr. Moore dealt with a lack of maneuvering space at the top of the curb ramp. These conditions are unsafe for Mr. Moore when he accesses the curb ramps.

(3). The exterior accessible route from parking spaces at Westfield Plaza fails to provide a safe accessible route to ramps or curb ramps, violating Section 402 of the 2010 Accessibility Standards. Mr. Moore was forced to travel in the traffic area of the center to get to

(4). Westfield Plaza fails to provide a safe accessible route to the adjacent street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards. The lack of an accessible route prevents the option of public transportation for Mr. Moore.

**Access to Goods and Services - Allegations Applicable Only to Defendants, Gator Westfield, LLC and James Goldsmith as Trustee of the Stuart O. Goldsmith 2012 Family Trust – Goldsmith and Defendant, Buona Pizza, Inc.**

(1). Tenant, Buona Pizza fails to provide accessible dining tables for those in wheelchairs, in violation of Section 902 of the 2010 ADA Accessibility Standards. Mr. Moore was unable to dine comfortably due to the lack of accessible tables.

(2). Tenant, Buona Pizza has a payment counter that is mounted beyond the reach of Mr. Moore, violating Section 308 and 904 of the 1010 ADA Accessibility Standards.

**Access to Goods and Services - Allegations Applicable Only to Defendants, Gator Westfield, LLC and James Goldsmith as Trustee of the Stuart O. Goldsmith 2012 Family Trust – Goldsmith and Defendant, Westfield 341**

(1). Tenant, Westfield 341 fails to provide accessible dining tables for those in wheelchairs, in violation of Section 902 of the 2010 ADA Accessibility Standards. Mr. Moore was unable to dine comfortably due to the lack of accessible tables.

(2). Tenant, Westfield 341 has a payment counter that is mounted beyond the reach of Mr. Moore, violating Section 308 and 904.7 of the 2010 ADA Accessibility Standards.

**Access to Goods and Services**

(1). Bagel Chateau and Uber Bistro fail to provide accessible dining tables for those in wheelchairs, violating Section 902 of the 2010 Accessibility Standards. Mr. Moore was unable to dine comfortably due to a lack of accessible tables.

(2). Payment counters throughout Westfield Plaza including in Bagel Chateau,Uber Bistro, Buona Pizza and Salon Bella are mounted beyond the reach of Mr. Moore, violating Sections 308 and 904 of the 2010 Accessibility Standards.

**Restrooms – Allegations Applicable Only to Defendants, Gator Westfield, LLC and James Goldsmith as Trustee of the Stuart O. Goldsmith 2012 Family Trust - Westfield**

Restrooms at Westfield Plaza including Bagel Chateau, Uber Bistro and Salon Bella were reported to be unsafe for use by the Plaintiff. Inspection revealed Mr. Moore was unable to use the restrooms safely due to a lack of accessibility, including, inaccessible water closets which lack proper controls and wheelchair maneuvering space violating Section 601 of the 2010 Accessibility Standards.

wheelchair users and are inaccessible to the Plaintiff, violating Section 308 of the 2010 Accessibility Standards.

(3). Lavatories at Bagel Chateau and Uber Bistro lack knee clearance and accessibility preventing the plaintiff from freely accessing the lavatory, violating Section 606 the 2010 Accessibility Standards.

(4). Bagel Chateau and Uber Bistro provide restrooms that contain improper centerlines for the water closets and flush controls mounted on the wall side, violating Section 604 of the 2010 Accessibility Standards. Mr. Moore was unable to access flush controls while in the restrooms due to improper location.

(5). Using restrooms doors at Bagel Chateau and Uber Bistro in Westfield Plaza are impeded by round door knobs, improper signage and a lack of maneuvering clearance, violating Section 404 of the 2010 Accessibility Standards. Round door knobs impede Mr. Moore from easily accessing doors, levered door handles are required.

**<u>Restrooms - Allegations Applicable Only to Defendants, Gator Westfield, LLC and James Goldsmith as Trustee of the Stuart O. Goldsmith 2012 Family Trust – Westfield and Buona Pizza, Inc.</u>**

(1). Men's Restroom at Buona Pizza, Inc. is unsafe for use by Plaintiff, Mr. Moore,

accessibility. The centerline of the toilet is not compliant in violation of the 2010 ADA Accessibility Standards Section 604; the restroom still lacks sufficient required maneuvering space in violation of the 2010 ADA Accessibility Standards Section 604; the water closet lacks both rear and side grab bars in violation of the 2010 ADA Accessibility Standards Sections 604 and 609, and the lavatory fails to provide knee clearance in violation of the 2010 ADA Accessibility Standards Section 606.

**Restrooms – Allegations Applicable Only to Defendants, Gator Westfield, LLC, James Goldsmith as Trustee of the Stuart O. Goldsmith 2012 Family Trust – Westfield and 341 Westfield Corp. d/b/a Fujiyama Mama Chinese Restaurant**

(1). Men's restroom at Fujiyama Mama is unsafe for use by Mr. Moore and most of the restroom features prevent Mr. Moore from effectively using the restroom. Entering the restroom is impeded by a lack of latch-side clearance, violating Section 404 of the 2010 ADA Accessibility Standards. The water closet lacks maneuvering clearance for a wheelchair user, in violation of Section 604 of the 2010 ADA Accessibility Standards; the flush control on the toilet is located on the wrong side of the toilet; the side grab bar for the water closet is improperly located, in violation of Sections 604 and 609 of the 2010 ADA Accessibility Standards; and yje lavatories are improperly designed, in violation of Section 606 of the 2010 ADA Accessibility Standards.

**Maintenance**

(1). The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 C.F.R. 36.211.

| Page 11: [2] Deleted | SheriBlock | 8/9/2018 10:31:00 AM |
| --- | --- | --- |

A
la*Attorne*
*ys for*
*Plaintiffs*