**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE INDEPENDENCE PROJECT, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GATOR WESTFIELD, LLC., *et al.*,<br><br>Defendants. | Civil Action No.: 17-5051 (CCC)<br><br><br>**OPINION AND ORDER** |

IT APPEARING THAT:

1.  On July 11, 2017, Plaintiffs The Independence Project and Ronald Moore ("Plaintiffs") filed a complaint (the "Complaint") in the instant matter.  ECF No 1.

2.  Plaintiffs were granted leave to file an amended complaint by Magistrate Judge Steven C. Mannion on January 10, 2019. ECF No. 67.

3.  Plaintiffs filed an amended complaint (the "Amended Complaint") on January 11, 2019. ECF No. 68.  The Amended Complaint alleges that plaintiff Moore is an individual with disabilities as defined by the Americans with Disabilities Act ("ADA") because he is a quadriplegic. Id. at 3. Plaintiff The Independence Project is a non-profit corporation that represents the interests of individuals with disabilities by ensuring that places of public accommodation are accessible to people with disabilities. Id.  Plaintiff Moore is a member of The Independence Project. The Amended Complaint names Gator Westfield, LLC and James Goldsmith, as Trustee of the Stuart O. Goldsmith 2012 Family Trust – Westfield, as defendants (together, "Defendants").  Defendants

1

hold title to Westfield Plaza, a shopping center located at 223–341 South Avenue East, Westfield, NJ, 07090 (the "Subject Property"). It is undisputed that the Subject Property is a place of public accommodation that must comply with ADA regulations. Id.; *see also* ECF No. 72-13 at 3.

4.   In the initial Complaint, plaintiff Moore alleged that he visited the Subject Property and encountered numerous violations of the ADA, including but not limited to: (1) issues with parking spaces and access aisles; (2) issues with curb ramps; (3) failure to provide a safe accessible route to ramps or curb ramps; (4) lack of a safe accessible route to the street or sidewalk; (5) failure to provide accessible dining tables at various restaurants; (6) inaccessible payment counters at various establishments; (7) lack of wheelchair accessibility in restrooms; (8) lack of accessible flush controls in restrooms; (9) inaccessible door knobs and improper signage in restrooms; and (10) failure to properly maintain accessible features at the Subject Property. ECF No. 1 at 4–6. Plaintiffs allege that these issues amount to discrimination as Defendants have "discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities privileges, advantages, and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182." Id. at 4.

5.   The Amended Complaint includes two counts: (1) violation of Title III of the ADA and (2) violation of the New Jersey Law Against Discrimination ("NJLAD"). Id. at 2, 9. In connection with their ADA claim, Plaintiffs seek a declaratory judgment that the Subject Property was in violation of Title III of the ADA at the commencement of this lawsuit; injunctive relief; and attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205. Id. at 9.  In connection with their NJLAD claim, Plaintiffs seek injunctive relief, damages, attorneys' fees, and litigation expenses (including expert fees and costs). Id. at 10.

6.   Plaintiffs' expert performed a Rule 34 inspection of the Subject Property on November 28, 2017 and issued an expert report setting forth the alleged violations with measurements. ECF No. 68 at 5.   On June 9, 2018, counsel for Defendants sent counsel for Plaintiffs an email with a supplemental expert report and claimed that all violations had been remedied. Id.  Plaintiffs' expert re-inspected the Subject Property on June 26, 2018 and found that numerous violations of the ADA still existed, including: (1) newly constructed parking spaces contain slopes greater than 2%; (2) newly installed curb ramp that fails to provide a level landing; (3) impediments on exterior accessible route to street and abrupt changes of level in sidewalk; (4) slope of 4% on curb of exterior accessible route leading into street; (5) payment counters impeded by goods; (6) payment options beyond reach on new laundromat machines; (7) slopes greater than 2% at the base of doors to various establishments; (8) impeded floor space in restrooms; and (9) non-complaint grab bars, toilet seat heights, and paper towel dispensers in restrooms. Id. at 5–7.

7.   Defendants filed a motion to dismiss the Amended Complaint on January 25, 2019.[1] ECF No. 72.  Defendants argue that this Court lacks subject matter jurisdiction over Plaintiffs' claims in equity as Defendants have "made all necessary modifications as framed and limited by the original Complaint, Plaintiffs' Rule 34 Inspection Reports and the Amended Complaint." ECF No. 72-13 at 1.  Defendants also argue that Plaintiffs fail to identify in the Amended Complaint any specific barriers they actually encountered at the Subject Property and therefore Plaintiffs lack standing to pursue all of their claims. Id. at 1–2.

8.   Plaintiffs filed a brief in opposition to the motion to dismiss. ECF No. 85.  Plaintiffs argue

---

[1] The motion to dismiss was administratively terminated while the parties participated in mediation. ECF No. 137.  After mediation was unsuccessful, the motion to dismiss was reinstated on May 13, 2020.

that the instant suit is not moot because extensive physical violations remain at the Subject Property and because the Subject Property is not regulated by written policies and procedures that ensure it remains compliant with the ADA. Id. at 14–17.  Additionally, Plaintiffs argue they have standing in this matter as plaintiff Moore alleges he has been to the Subject Property multiple times since he has filed the lawsuit, that no law requires him to return to the Subject Property repeatedly to encounter each barrier, and that because Plaintiffs have established standing with respect to a number of barriers at the Subject Property, they may bring challenges to all other barriers on the premises that affect their disability. Id. at 23–25.

9.  A court must grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) if the court determines that it lacks subject-matter jurisdiction over a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).  First, the court must determine whether the 12(b)(1) motion presents a facial attack or a factual attack.  *Id.* (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  Unlike facial attacks, for which the court must consider the allegations of the complaint in the light most favorable to the plaintiff, "the presumption of truth does not extend to factual attacks, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims," including "weigh[ing] and consider[ing] facts outside the pleadings to decide whether subject matter jurisdiction is proper." *Hood v. Mercer-Bucks Orthopedics*, No. 14-3427, 2014 WL 5465879, at *2 (D.N.J. Oct. 28, 2014) (citing *Mortensen*, 549 F.2d at 891, and *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).

10. Defendants here assert a factual challenge under Rule 12(b)(1) and contend that the Court should consider the report of its expert, Ron Barr, in connection with the motion to dismiss.  The Court must also consider the report of Plaintiffs' expert, Anthony Mattera, however, and because

the competing expert reports submitted here cannot be reconciled, the Court must deny Defendants' motion to dismiss. *See Davis v. Wells Fargo*, 824 F.3d 333, 348 (3d Cir. 2016) (citations and quotation marks omitted) ("We have already held that a district court must take care not to reach the merits of a case when deciding a Rule 12(b)(1) motion. . .  Jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action. . . .  [W]hen a factual challenge to jurisdiction attacks facts at the core of the merits of the underlying cause of action, the proper procedure for the district court is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case."

11. On the record before it, the Court cannot find that this matter is moot because Plaintiffs' expert has submitted a credible report showing that a number of violations remain at the Subject Property. *See* ECF No. 85-1.  While Defendants' expert disagrees with Plaintiffs' expert about some of his findings, Defendants also do not dispute that some of these issues persist with the Subject Property and instead argue that these remaining uncontested issues are minor. ECF No. 101 at 5 ("Plaintiffs' cherry-picked placement of a level in only certain portions of the space does not provide sufficient evidence to overcome the altimeter measurements provided by Gator. Further, any minor deviation in certain spots within the space is sufficiently *de minimus* not to act as a bar to a finding of mootness."); id. at 8 ("To the extent such permission is granted, Gator intends to undertake the necessary tree/root maintenance and sidewalk repair imminently. Id. The issue, however, is wholly beyond Gator's control and, therefore, does not preclude a finding of mootness by this Court.").  While the Court commends Defendants' efforts to modify the Subject Property, the Court cannot conclude that this case is moot at this time because of the competing

5

and contradictory expert reports, as well as arguments over which remaining issues constitute actionable violations and which are trivial. *See* ECF No. 85 at 15 ("In the subject case, no such finding is possible as the Plaintiffs' expert on his most recent re-inspection on February 21, 2019, found that substantial barriers still exist at the subject facility.").

12. Defendants' standing argument fares no better and their reply in support of the motion to dismiss does not appear to address Plaintiffs' caselaw.  Plaintiffs have alleged that they have repeatedly visited the Subject Property and encountered issues identified in the Amended Complaint. *See* ECF No. 68 at 3.  Given these asserted circumstances, Plaintiffs have standing to challenge all barriers related to plaintiff Moore's claimed disability. *See Access 4 All, Inc. v. Absecon Hosp. Corp.*, No. 04-6060, 2006 WL 3109966, at *9 (D.N.J. Oct. 30, 2006).[2]

13. For the reasons discussed above, Defendants' motion to dismiss (ECF No. 72) is **DENIED.**

**Accordingly**, IT IS on this 22nd day of December, 2020,

**ORDERED** that Defendants' motion to dismiss (ECF No. 72) is **DENIED**; and it is finally

**ORDERED** that the parties are to submit a joint status letter to the Court within thirty (30) days of entry of this Opinion & Order.

**SO ORDERED.**

_____

**CLAIRE C. CECCHI, U.S.D.J.**

---

[2] The Court need not address Defendants' arguments regarding fees, expenses, and costs which are contingent on the Court finding that Defendants have mooted this matter and that Plaintiff cannot prevail on his ADA claims.