UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**CHAMBERS OF MARK FALK**
**CHIEF MAGISTRATE JUDGE**

USPO & COURTHOUSE
1 FEDERAL SQ., ROOM 457
NEWARK, NJ
07101
(973) 645-3110

## LETTER OPINION & ORDER

February 16, 2021

Alan R. Ackerman, Esq.
1719 Route 10 East
Parsippany, NJ 07054
*Attorney for Plaintiffs,*
*The Independence Project, Inc.,*
*and Ronald Moore*

Michael R. Yellin, Esq.
Cole Schotz, P.C.
Court Plaza North
25 Main St.
Hackensack, New Jersey 07601
*Attorney for Defendants,*
*Gator Westfield, LLC and*
*James Goldsmith as Trustee of*
*the Stuart O. Goldsmith 2012 Family Trust-Westfield*

**Re: The Independence Project, et al. v. Gator Westfield, LLC, et al.**
     **Civ. A. No. 17-5051 (CCC)**

Dear Counsel:

     Before the Court is the motion of Cole Schotz P.C. ("Cole Schotz") to withdraw as counsel for Defendants Gator Westfield LCC and James Goldsmith as Trustee of the Stuart O. Goldsmith 2012 Family Trust-Westfield. (Docket Entry No. 149.)  No opposition has been submitted.  No oral argument is necessary.  *See* Fed. R. Civ. P. 78(b).  For the reasons below, the motion is **GRANTED**, subject to the conditions below.

     Plaintiffs filed their complaint on July 11, 2017.  The complaint alleges, *inter alia*, that Defendant's property – Westfield Plaza in Westfield – fails to comply with the

Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq*. On August 8, 2017, Cole Schotz entered an appearance on behalf of the defendants. After a winding procedural history, on December 18, 2020, Cole Schotz filed its motion to withdraw as counsel.

Cole Schotz's motion to withdraw is governed by Local Civil Rule 102.1 and New Jersey Rule of Professional Conduct 1.16(b). *See United States ex rel. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997). Courts in this district also balance four factors when considering a motion to withdraw as counsel. The factors are: "(1) the reason withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal may cause to the administration of justice; and (4) the degree to which withdrawal may delay resolution of the case." *Id*. (internal citations omitted).

Defendants' attorney represents that there has been an "irreconcilable breakdown" in the attorney-client relationship between defendants and Cole Schotz that makes continued representation "impossible." (Declaration of Michael Yellin, Esq., ¶¶ 3-4.) Having considered the papers submitted and the lack of opposition to the request, the Court is satisfied that Cole Schotz has shown good cause to withdraw as counsel. The breakdown in the attorney-client relationship precludes Cole Schotz from providing appropriate representation. In addition, no party will be unduly prejudiced by Cole Schotz's withdrawal. Discovery is nearly complete, and therefore, any delay in the resolution of this case will be minimal. As a result, Cole Schotz's motion for leave to withdraw as counsel is **granted**.

<u>Both Defendants must retain substitute counsel or face the possible entry of default and default judgment</u>. Neither the LLC Defendant nor Mr. Goldsmith, acting as Trustee, may appear in a federal case *pro se*. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02, 113 S. Ct. 716, 721 (1993); *Marin v. Leslie*, 337 Fed. Appx. 217, 219-20 (3d Cir. 2009).

Defendants must obtain new counsel on or before **March 15, 2021**. The failure to do so will, upon application of Plaintiff, result in the undersigned issuing a recommendation to the District Judge to strike the defendants' answer and enter default. *See United States ex rel.*, 994 F. Supp. at 253

Mr. Yellin is directed to serve Defendants with copies of this Letter Order within **3** business days. Cole Schotz's withdrawal is not effective until service has been made and proof of same has been filed on the Court's docket.

<u>s/Mark Falk</u>
**MARK FALK**
**Chief Magistrate Judge**
