Alan R. Ackerman, Esquire (AA9730)
Law Offices of Alan R. Ackerman
1719 Route 10 East, Suite 106
Parsippany, NJ 07054
Telephone: (973) 898-1177
Facsimile:  (973) 898-1230
araesq@alanackermanlaw.com
and
John P. Fuller, Esquire, *pro hac vice*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile: (305) 893-9505
jpf@fullerfuller.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

THE INDEPENDENCE PROJECT, INC., a New
Jersey Non-Profit Corporation, and RONALD
MOORE, Individually,

      Plaintiffs,
vs.                                                                 Case No. 2:17-cv-5051-CCC-SCM

GATOR WESTFIELD, LLC, a Florida Limited
Liability Company,  and JAMES GOLDSMITH, AS
TRUSTEE OF THE STUART O. GOLDSMITH
2012 FAMILY TRUST – WESTFIELD

      Defendant(s).
_____/

## SECOND AMENDED COMPLAINT

Plaintiffs, The Independence Project, Inc., a New Jersey Non-Profit Corporation, and Ronald Moore, Individually, on their behalf and on behalf of all other mobility-impaired individuals similarly-situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant(s), Gator Westfield, LLC, a Florida Limited Liability Company, and James

Goldsmith, as Trustee of the Stuart O. Goldsmith 2012 Family Trust - Westfield (sometimes referred to as "Defendants"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the New Jersey Law Against Discrimination (N.J.S.A.).

## COUNT I
## VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT, 42 USC § 12181, *et seq.*

### I.    PARTIES

1.    Plaintiff, Ronald Moore, is an individual residing at 1002 Central Ave., New Providence, NJ 07974, in the County of Union.

2.    Plaintiff, The Independence Project, Inc., is a Non-Profit corporation formed under the laws of the State of New Jersey. The Independence Project, Inc. maintains its principal office at 1002 Central Ave., New Providence, NJ 07974, in the County of Union.

3.    Defendant, Gator Westfield, LLC and Defendant, James Goldsmith **as** Trustee of the Stuart O. Goldsmith 2012 Family Trust - Westfield, hold title to the subject property.

4.    James Goldsmith is the Successor Trustee of the Stuart O. Goldsmith 2012 Family Trust – Westfield. Stuart O. Goldsmith is deceased

5.    Defendants Gator Westfield and Defendant, James Goldsmith **as** Trustee of the Stuart O. Goldsmith 2012 Family Trust – Westfield's property, Westfield Plaza, is located at 223 – 341 South Avenue East, Westfield, NJ 07090.

### II.    VENUE

6.    Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

7. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See, also*, 28 U.S.C. § 2201 and § 2202.

8. The Court has supplemental jurisdiction over Plaintiffs' State claim, pursuant to 28 U.S.C. § 1367.

### III.    STANDING

9. Ronald Moore is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA, being a quadriplegic. Ronald Moore has visited the property which forms the basis of this lawsuit on numerous occasions both prior to filing the initial Complaint in this case [D.E.1] and subsequent to the filing of the subject lawsuit, and plans to return to the property in the near future to avail himself of the goods and services offered to the public at the property. Mr. Moore lives only 7.4 miles from the subject property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. The Plaintiff is also a member of the Plaintiff organization, The Independence Project, Inc., discussed below in paragraph 10.

10. Plaintiff, The Independence Project, Inc., is a Non-Profit New Jersey Corporation. Members of this organization include individuals with disabilities as defined by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.

11. The Independence Project, Inc. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the

Defendant has compelled to comply with the requirements of the ADA. One or more of its members have suffered an injury that would allow it to bring suit in its own right. The Independence Project, Inc. has also been discriminated against because of its association with its disabled members and their claims. The Independence Project, Inc. brings this action based on its associational standing on behalf of its members and not on behalf of the organization.

12. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is known as Westfield Plaza, located at 223 – 341 South Avenue East, Westfield, NJ 07090.

13. The Independence Project, Inc. and its member, Ronald Moore have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations set forth in this Second Amended Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendants. Ronald Moore desires to visit Westfield Plaza not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA, so that he and others similarly-situated will have full and equal enjoyment of the property, without fear of discrimination.

14. The Defendants have discriminated against the individual Plaintiff and one or more of its members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

15. The Defendants have discriminated, and continue to discriminate, against the Plaintiffs in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary, a Rule 34 property inspection, and (three follow-up Rule 34 inspections of Westfield Plaza, undertaken as part of the Court's Scheduling Orders, to address the Defendant's contention that the case was moot) has shown that violations exist.

16. The initial ADA violations that Plaintiff, Ronald Moore personally encountered or observed at the subject property, are set forth in paragraph 13 of the Plaintiffs' Complaint filed on July 11, 2017 [D.E.1] and included: 1) issues with parking spaces and access aisles; 2) issues with curb ramps; 3) failure to provide a safe and accessible route to ramps or curb ramps; 4) failure to provide a safe, accessible route to the street or sidewalk; and 5) failure to provide accessible dining tables at various restaurants; 6) inaccessible payment counters at various establishments; 7) lack of wheelchair accessibility in restrooms; 8) lack of accessible flush controls in restrooms; 9) inaccessible door knobs and inproper signage in restrooms; and 10) failure to properly maintain accessible features at the subject property; and 11) failure to maintain policies, practices and procedures to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

17. A Rule 34 property inspection was performed by Plaintiffs' expert on November 28, 2017, and an expert report was issued on December 26, 2017, setting forth the violations with measurements, a copy of which is attached hereto and incorporated herein as **Exhibit A-1**, which covers the same general violations, 1) issues with parking; 2) issues with maintenance of accessible parking spaces; 3) failure to maintain accessible elements, including physical elements and accessible routes; 4) inaccessible payment counters; 5) inaccessible restrooms in several

described restrooms; 6) failure to have written policies and procedures that ensure that the facility remains compliant with the ADA.

18. Thereafter on June 8, 2018, Defendant's attorney sent Plaintiffs' counsel an e-mail that attaches a supplemental expert report and claimed that all of the modifications set forth in Plaintiffs' expert report have been completed and are ADA compliant.

19. On June 26, 2018, Plaintiffs' expert re-inspected the subject property and found in his expert report dated July 5, 2018, that numerous violations of the ADA still existed, including: 1) newly constructed parking spaces contain slopes greater than 2%; 2) newly installed curb ramp that fails to provide a level landing; 3) impediments on exterior accessible route to street and abrupt changes of level in sidewalk; 4) slope of 4% on curb of exterior accessible route leading into street; 5) payment counters impeded by goods; 6) payment options beyond reach on new Laundromat machines; 7) slopes greater than 2% at the base of doors to various establishments; 8) impeded floor space in restrooms; and 9) non-compliant grab bars, toilet seat heights, and paper towel dispensers.  (Attached hereto and incorporated herein as **Exhibit A-2** is the Plaintiffs' expert report of Access Consultants, LLC dated July 5, 2018.)

20. On February 21, 2019, Plaintiffs' expert re-inspected the subject property to confirm whether all ADA violations were remedied, and issued an expert report on March 4, 2019 that sets forth that there are 1) issues with parking and access aisles; 2) lack of an accessible route to the street or sidewalk; 3) inaccessible payment counters and lack of accessible check-out lines; 4) inaccessible restrooms in several disabled restrooms; and 5) the failure to have written policies, practices and procedures that ensure that the facility remains compliant with the ADA. (Attached hereto as **Exhibit A-3** and incorporated herein is the Plaintiffs' expert report of Access Consultants, dated March 4, 2019.)

21. On August 17, 2020, Plaintiffs' expert re-inspected the property, as requested by the Court, and found: 1) issues with the newly constructed parking spaces adjacent to the Pretzel Factory and Westfield Eco Laundry; 2) the route to the street now contains cracked asphalt and faded striping; 3) the exterior concrete route outside the tenants' spaces contains abrupt changes of level, and tables block the accessible route; 4) the curb ramp adjacent to Fujiyama Mama lacks a level landing; 5) as a table blocks access thereto; 6) policies should be implemented that require accessible elements to be maintained; 7) the automatic door openers that were installed, in lieu of providing a level entrance, do not work; 8) payment counters and wine tasting counters are not compliant in Shoprite Wine and Spirits; 9) tenants throughout Westfield Plaza have numerous significant non-compliant features; 10) exterior tables were provided since Covid-19, all of which are non-compliant or useful by a wheelchair user; 11) newly renovated restrooms at Shoprite Liquors are non-compliant; 12) the accessible route to the restroom at Buona Pizza is impeded by tables. (A copy of Plaintiffs' expert report dated August 28, 2020 is attached hereto and incorporated herein as **Exhibit A-4**.)

22. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, in violation of 28 C.F.R. 36.211, as demonstrated herein.

23. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

24. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants'

ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly-situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. .

25. Defendants have discriminated against the individual and corporate Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. 36.302 *et seq*.

26. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

27. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

28. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1993, 28 C.F.R. 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

29. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendants.

30. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendants to alter Westfield Plaza to make its facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure their violations of the ADA. The order should further request the Defendants to maintain the required accessible features on an ongoing basis.

**WHEREFORE,** Plaintiffs respectfully request:

A. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

B. Injunctive relief against the Defendants, including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA

C. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION

I. Plaintiffs reallege all prior obligations as if fully set forth herein. Plaintiffs repeat

the allegations contained in all of the proceeding paragraphs.

II.   Defendants' facilities are places of public accommodation as defined by N.J.S.A. 10:5-5, (New Jersey Law Against Discrimination).

III.   New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination on the basis of disability.  This opportunity is recognized and declared to be a civil right.  (*See,* N.J.S.A. 10:5-4.)

IV.   As a result of the aforementioned discrimination, Plaintiff Ronald Moore has sustained emotional distress, mental anguish and suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, Ronald Moore demands injunctive relief and judgment for damages, attorneys' fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of **August, 2021**, a true and correct copy of the foregoing was electronically filed via the Court's CM.ECF System, which will automatically send a Notice of Electronic Filing to Attorneys for the Defendants, Barry S. Rothman, Esq., brothman@sralawfirm.com, Strongin, Rothman & Abrams, LLP, 70 South Orange Avenue, Suite 213, Livingston, NJ 07039.

Respectfully Submitted,

**/s/Alan R. Ackerman**
Alan R. Ackerman, Esquire (AA9730)
Law Offices of Alan R. Ackerman
1719 Route 10 East, Suite 106
Parsippany, NJ 07054
Telephone: (973) 898-1177 x 122

Facsimile:  (973) 898-1230
araesq@alanackermanlaw.com
and
John P. Fuller, Esquire, *pro hac vice*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile:  (305) 893-9505
jpf@fullerfuller.com
*Attorneys for Plaintiffs*